U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

SEP 0 5 2012

CHRIS R. JOHNSON, Clerk
By

Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## OF THE WESTERN DISTRICT OF ARKANSAS
## HOT SPRINGS DIVISION

**SWANZETTUA BLANCHARD**                                        **PLAINTIFF**

**VS.**                          **CASE NO.: 6:12-cv-06066**

**CLARK COUNTY, ARKANSAS; JASON WATSON**
**As predecessor to David Turner, former Sheriff**
**of Clark County, in his individual and official**
**capacity as Sheriff of Clark County, Arkansas;**
**OFFICER JOHN DOE, in his individual and official**
**capacity as Deputy Sheriff of Clark County, Arkansas;**
**and CLARK COUNTY SHERIFF'S DEPARTMENT**              **DEFENDANTS**

### AMENDED COMPLAINT AT LAW

**COMES NOW** the Plaintiff, SWANZETTUA BLANCHARD, by and through

her attorneys, Hurst, Morrissey and Hurst, P.L.L.C., through Josh Q. Hurst, and

for her Amended Complaint Law against the Defendants, states:

### INTRODUCTORY STATEMENT

1. That this an action for damages sustained by a citizen of the United

   States of America against the Clark County, Arkansas; Jason Watson,

   in his individual and official capacity as Sheriff of Clark County,

   Arkansas; Officer John Doe, in his individual and official capacity as

   Deputy Sheriff of Clark County, Arkansas; and Clark County Sheriff's

   Department who did on or about May 11, 2009 allow an inmate at the

   Clark County Detention Center, Charles Williams commit an assault

   and battery and cause physical injury against the person of the

   Plaintiff.

## **JURISDICTION**

2. Jurisdiction in this case is brought pursuant to 42 U.S.C. § 1983.

3. Jurisdiction is based upon 28 U.S.C. § 1331 and § 1343(1), (3), (4) and the aforementioned statutory provisions. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law.

## **PARTIES**

4. The Plaintiff, SWANZETTUA BLANCHARD is a resident of Hot Springs, Garland County, Arkansas at all times relevant to the allegations of this Complaint.

5. Defendant, Clark County Sheriff's Department, is a governed body and/or subdivision created pursuant the laws of the State of Arkansas and charged with the implementation of policies, supervision and training of employees and officers of Clark County Sheriff's Department.

6. Defendant, Jason Watson, is the Sheriff of Clark County. The Sheriff has responsibility for caring out, through supplemental training and supervision, the policies and regulations established by the State of Arkansas and the Clark County Sheriff's Department.

7. That the Plaintiff is informed and believes and upon that belief states, that the Defendant, John Doe was at all relevant times a Clark County Sheriff's Department Law Enforcement Officer who at all times pertinent hereto was an employee of the Defendant, Clark County Sheriff's Department duly authorized to conduct his duties acting under

authority of Clark County Sheriff's Department within Clark County, Arkansas.

8. That the actions set forth herein below occurred exclusively within the confines of Clark County, Arkansas.

## FIRST CAUSE OF ACTION

9. That on or about May 11, 2009, the Plaintiff and her minor son were visiting her husband who was a prisoner in the Clark County Detention Center. After visiting with her husband the Plaintiff's husband began to argue with the Plaintiff through a protective glass barrier, when suddenly the Plaintiff's husband walked out of the confined room that he was in right past a police officer and began to knock the Plaintiff to the ground shocking and beating her in front of her son. That at no time during this attack did the Separate Defendant, JOHN DOE or any other individual with the Clark County Detention Center try and stop the Plaintiff's husband from continuously beating her.

10. At some point during the attack the Plaintiff was able to get to her feet and run to an office in the Detention Center whereupon a female individual who was working inside the office intervened and told the Plaintiff's husband to go back to his cell.

11. That after the beating the Plaintiff was taken to the Emergency Room at Baptist Medical Center and treated for the injuries she sustained.

12. That as a direct and proximate cause of the Defendants' actions, the Plaintiff has suffered and continues to suffers extreme emotional distress.

13. That as a direct and proximate cause of the Defendants' actions, the Plaintiff has sustained medical expenses, pain and suffering, permanent scaring, and loss of income, all of which she is now seeking compensation.

14. That Defendants acted with such deliberate indifference to the health and safety of the Plaintiff that the imposition of punitive damages is proper.

## SECOND CAUSE OF ACTION

### OUTRAGE

15. The Plaintiff repeats and incorporates herein by reference the preceding paragraphs of this Amended Complaint, as fully as if the same were set forth at length herein.

16. That Deputy John Does' intentional acts as stated herein compromise willful and wanton conduct that is extreme and outrages and is so extreme in degree as to go beyond all possible bounds of decency in which is regarded as atrocious and utterly intolerable in a civilized society. As a consequence, Plaintiff has suffered emotional distress and remains extremely anxious and nervous to a degree that is so severe that no reasonable person could be expected to endure it.

17. Upon information and belief, Jason Watson, as Sheriff of the Clark County Sheriff's Department, failed to train and supervise employees of the Clark County Sheriff's Department properly in the prevention of and restraining of inmates that have access to the Clark County

**Page 4 of 6**

Detention Center and subjected to such conduct. Such failure resulted in deliberate indifference to Plaintiff's rights.

18. That the acts and conducts of the Defendants alleged in the above stated cause of action constitute intentional infliction of emotional distress under the laws of the State of Arkansas and this Court has pendent jurisdiction to hear and adjudicate the state court causes of action.

## THIRD CAUSE OF ACTION

## 42 U.S.C. § 1983

19. The Plaintiff repeats and incorporates herein by reference the preceding paragraphs of this Amended Complaint, as fully as if the same were set forth at length herein.

20. That Deputy John Doe, in taking those acts setout herein, while acting under color of law, and under color of his authority of the Clark County Sheriff's Department improperly supervised an inmate at the Clark County Sheriff's Department, and allowed him to have access to the Plaintiff in which he caused severe personal injury to her.

21. That Deputy failed to supervise an inmate at the Clark County Detention Center as he was trained to do, thereby allowing him to cause personal injury to the Plaintiff.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, SWANZETTUA BLANCHARD, requests the following relief:

a.   Trial by jury;

b.    Grant a declaratory judgment that the actions of the Defendants violated Plaintiff's rights guaranteed by 42 U.S.C. § 1983 along with the laws and public policies of the State of Arkansas;

c.    Award attorney fees and cost as allowed under 42 U.S.C. § 1988;

d.    Award compensatory and punitive damages;

e.    Award post judgment interest;

f.    Award to Plaintiff the cost expended in prosecuting this action;

g.    Grant a permanent injunction prohibiting Defendants from engaging in policies and practices complained of in violation of 42 U.S.C. § 1983 along with the public policy of the State of Arkansas;

h.    Punitive damages; and

i.    all other just and proper relief as determined by this Court.

Respectfully submitted,
SWANZETTUA BLANCHARD, **Plaintiff**

By:  JOSH Q. HURST /S/
Josh Q. Hurst
Arkansas Bar No. 2004016
Hurst, Morrissey & Hurst, PLLC
518 Ouachita Avenue
Hot Springs, Arkansas 71901
(501) 623-2565 Telephone
(501) 623-9391 Facsimile

**Page 6 of 6**

b. Grant a declaratory judgment that the actions of the Defendants violated Plaintiff's rights guaranteed by 42 U.S.C. § 1983 along with the laws and public policies of the State of Arkansas;

c. Award attorney fees and cost as allowed under 42 U.S.C. § 1988;

d. Award compensatory and punitive damages;

e. Award post judgment interest;

f. Award to Plaintiff the cost expended in prosecuting this action;

g. Grant a permanent injunction prohibiting Defendants from engaging in policies and practices complained of in violation of 42 U.S.C. § 1983 along with the public policy of the State of Arkansas;

h. Punitive damages; and

i. all other just and proper relief as determined by this Court.

Respectfully submitted,
SWANZETTUA BLANCHARD, **Plaintiff**

By:

Josh Q. Hurst
Arkansas Bar No. 2004016
Hurst, Morrissey & Hurst, PLLC
518 Ouachita Avenue
Hot Springs, Arkansas 71901
(501) 623-2565 Telephone
(501) 623-9391 Facsimile